UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TARVIS LAMOUNT HALE, SR.,

        Plaintiff,

vs.                    Case No.  5:11-cv-610-Oc-29TBS

BRAD KING; HOWARD BABB, JR.; JUDGE
WILLARD POPE; JOSHUA HOUSTON; AMANDA
SIZEMORE; SHAUNTA MATTHEWS,

        Defendants.
_____

### ORDER OF DISMISSAL

#### I.

This matter comes before the Court upon review of the file. Plaintiff Tarvis Lamount Hale initiated this action proceeding *pro se* by filing a Prisoner Civil Rights Complaint (Doc. #1, Complaint) on November 8, 2011, while detained at the Marion County Jail. Plaintiff has not filed a complete motion for leave to proceed in forma pauperis.  See docket.

Pursuant to Local Rule 1.03(e), "[t]he Clerk shall accept for filing all prisoner cases.  However, a prisoner case will be subject to dismissal by the Court, sua sponte, if the filing fee is not paid or if the application is not filed within 30 days of the commencement of the action."  Id.

Here, Plaintiff filed an incomplete motion for leave to proceed in forma pauperis. See Doc. #2. Specifically, Plaintiff failed to comply with the instructions on the form that required

the submission of a prisoner consent form.  Because Plaintiff has neither submitted a complete motion for leave to proceed in forma pauperis, nor paid the requisite $350.00 filing fee within thirty days from the date he initiated the action, this action is subject to dismissal under Local Rule 1.03(e).

## II.

In the alternative, the Court finds this action subject to dismissal under the Prison Litigation Reform Act ("PLRA").  The PLRA requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief."  See 28 U.S.C. § 1915A(a), (b)(1), (b)(2).  In essence, § 1915A is a screening process to be applied sua sponte and at any time during the proceedings.  In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, inter alia, it fails to state a claim upon which relief may be granted.  § 1915(b)(1).  The standards that apply to a dismissal

under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(B)(ii) is identical to the screening language of § 1915A.[1] Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. 662, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege

---

[1]As noted supra, Plaintiff seeks leave to proceed in forma pauperis in this action. Doc. #2. Thus, the Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. <u>Twombly</u>, 550 U.S. at 556.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir. 2001).

Plaintiff sues State Attorney Brad King, Public Defender Howard Babb, Circuit Judge Willard Pope, Assistant State Attorney Joshua Houston, Assistant Public Defender Amanda Sizemore, and Assistant Public Defender Shaunta Matthews.  Complaint at 6-7.  The allegations in the Complaint pertain to each of the Defendants' respective roles in Plaintiff's pending criminal trial. As relief, Plaintiff seeks an injunction "to prevent the Marion County Circuit Court from exercising any jurisdiction in his criminal proceedings" and an order dismissing his criminal case.  <u>Id.</u> at 14.

Here, the Court finds the Complaint is fatally flawed and subject to dismissal.  Plaintiff names Public Defender Howard Babb,

Assistant Public Defender Amanda Sizemore, and Shaunta Matthews[2] as Defendants.  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Defendants Babb, Sizemore, and Matthews are public defenders who apparently represented Plaintiff in his criminal cases.  Thus, these public defenders are not subject to suit under 42 U.S.C. § 1983.

Plaintiff also names State Attorney Brad King and Assistant State Attorney Joshua Houston.  See Complaint at 7.  Similar to the public defenders he sues, it appears Plaintiff attributes liability to these prosecutors for their roles in prosecuting Plaintiff's criminal action.  Specifically, Plaintiff states Defendant Houston filed the information charging him with a crime that Plaintiff admits he committed.  Id. at 8.  These prosecutors are also entitled to immunity from this lawsuit under prosecutorial immunity.  In determining whether prosecutorial immunity applies, courts look to "'the nature of the function performed, not the identity of the actor who performed it.'" Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)).

---

[2]According to the Complaint, attorney Matthews is identified as a public defender and elsewhere identified as an attorney from a private firm.  Whether a public defender or a private attorney, Defendant Matthews is not subject to liability under section 1983.  A private attorney is not a person acting under the color of state law.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera, 359 F.3d at 1353 (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999)(citations omitted). The prosecutors Plaintiff names as Defendants in this action are clearly entitled to absolute prosecutorial immunity. See Smith v. Shorstein, 217 F. App'x 877 (11th Cir. 2007).

Plaintiff also names State Circuit Judge Willard Pope as a Defendant. Complaint at 7. Judges are absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, providing such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing Stump v. Sparkman, 455 U.S. 349, 356-357) (1978)). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. Id. at 1239. Plaintiff attributes liability on Defendant Pope apparently stemming from criminal hearings held before the Judge. Thus, Defendant Pope is clearly entitled to judicial immunity.

Furthermore, to the extent that Plaintiff seeks injunctive relief that would effectively interfere with the state court's

judicial process or overturn state court decisions, a federal district court lacks jurisdiction under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), or the <u>Rooker-Feldman</u>[3] doctrine, or both.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   The § 1983 Complaint is **DISMISSED** pursuant to Local Rule 103(e)(M.D. Fla. 2009), and/or pursuant to § 1915(e)(2)(b)(ii) for failure to state a claim.

2.   The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Ft. Myers, Florida, on this _____ day of January, 2012.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record

---

[3]
<u>Rooker v. Fidelty Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).